J-S06033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DING GU AND SHEN NONG, USA, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| YANQUN ZHONG-ARDITO AND CORE ACUPUNCTURE, LLC | : | |
| | : | |
| Appellees | : | No. 1593 EDA 2021 |

Appeal from the Order Entered July 19, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  2010-02207

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED APRIL 20, 2022**

Appellants, Ding Gu and Shen Nong, USA, Inc., appeal from the order entered in the Philadelphia County Court of Common Pleas, denying their petition for a temporary restraining order and preliminary injunction.  We affirm.

The relevant facts and procedural history of this appeal are as follows. On April 1, 2019, Yanqun Zhong-Ardito and Core Acupuncture, LLC ("Appellees") entered into a contract with Appellants.  The contract permitted Appellees to operate Appellants' acupuncture business for a term of five (5) years.  (**See** Answer to Complaint and New Matter, filed 6/8/21, at Exhibit

A1).[1]  At the time of the contract, Appellants utilized a retail location at 926 Arch Street in Philadelphia ("the property").

On February 7, 2020, Appellants' landlord provided notice of its intention to terminate Appellants' lease for the property.  The notice stated, "The lease term has expired with no notice to renew by you and this letter will provide notice you must vacate the premises."  (Response to Petition for Preliminary Injunction, filed 6/22/21, at Exhibit B).  The landlord also indicated that the parties needed to vacate the premises by April 30, 2020.  (***See id.***)  Fearing imminent displacement, Appellees vacated the property on May 1, 2020.  (***See*** N.T. Hearing, 7/13/21, at 60).  Appellees subsequently found a new retail location on the same block, at 908 Arch Street, and they resumed business operations.  (***Id.*** at 23, 61).

On October 29, 2020, Appellants commenced a civil action against Appellees by filing a *praecipe* for writ of summons.  Appellants filed a complaint on April 10, 2021.  Among other things, the complaint alleged that Appellees "improperly removed [Appellants'] client list and patient medical records … from the [property] and converted said business records for

_____

[1] The parties' contract was written in Chinese.  (***See*** Answer to Complaint and New Matter at Exhibit A).  In their answer to the complaint and new matter, Appellees included copies of the original contract, as well as a version that was translated into English.  The translation included a certificate explaining "that this translation was prepared by professional translator(s) and proofreader(s), and was not produced by a computer software program." (***Id.*** at Exhibit A1).

[Appellees'] own use and benefit thus severely prejudicing [Appellants]." (Complaint, filed 4/10/21, at ¶18). The complaint included counts for conversion, tortious interference with prospective contractual relations, breach of contract, and related claims. On June 8, 2021, Appellees filed an answer and new matter asserting that their actions did not violate the parties' contract.

On June 11, 2021, Appellants filed a petition for temporary restraining order and preliminary injunction. In it, Appellants reiterated their allegation that Appellees "improperly removed [Appellants'] client list and patients' medical records and business records" from the property. (Petition, filed 6/11/21, at ¶5). Appellants requested that the court order Appellees to, *inter alia*, return all original and copies of the patient files and business records. Appellees filed a response to Appellants' petition on June 22, 2021. Appellees' response cited a provision in the parties' contract that permitted Appellees to take ownership of the patient files if Appellants' lease for the property "expires for any reason[.]" (Response to Petition for Preliminary Injunction at ¶3).

On July 13, 2021, the court conducted an evidentiary hearing on the matter. At the hearing, both parties presented witnesses. The court also received argument from counsel. By order and opinion entered July 19, 2021, the court denied Appellants' request for injunctive relief. In its opinion, the court recognized that Appellants bore the burden of establishing six (6) elements before it could grant injunctive relief. The court found that

Appellants "cannot meet their burden of demonstrating they are likely to prevail on the merits." (Order and Opinion, filed July 13, 2021, at 3) (unnumbered).

On August 4, 2021, Appellants timely filed a notice of appeal. That same day, the court ordered Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellants timely filed a Rule 1925(b) statement on August 25, 2021.

Appellants now raise one issue for this Court's review:

> Should the Superior Court reverse the trial court order because Appellants established each of the six general elements required for injunctive relief?

(Appellants' Brief at 6).

On appeal, Appellants contend that they established each of the six general elements required for injunctive relief. Regarding the trial court's conclusion that Appellants are unlikely to prevail on the merits, Appellants insist that "Appellees' activity is actionable and its wrong is manifest; Appellants' right to relief is clear." (*Id.* at 16). Appellants maintain that this case "involves textbook conversion, in that Appellees wrongfully took Appellants' patient files out of [the property] and will not return them." (*Id.* at 17). Appellants further argue that Appellees unilaterally breached the contract by taking the patient files. Appellants acknowledge the contract provision that allowed Appellees to take ownership of the files if Appellants' lease with the landlord expired. Appellants insist, however, that they did not

actually have a lease with the landlord when the parties executed the contract in April 2019. According to Appellants, "That lease never existed, so it never expired. Therefore, Appellees had no right under the contract to assume ownership of patient files and records." (*Id.*) Appellants conclude that this Court must reverse the order denying their request for injunctive relief. We disagree.

This Court reviews a trial court's ruling on a request for a preliminary injunction for an abuse of discretion. *See Weeks v. Department of Human Services*, 656 Pa. 492, 501, 222 A.3d 722, 727 (2019).

> Under that standard, we … will affirm the denial of preliminary relief if the trial court had any apparently reasonable grounds for its action. Such grounds exist when the court properly found that any one of the prerequisites was not satisfied. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decree.

*Id.* (internal citations and quotation marks omitted).

A court can grant a preliminary injunction when the moving party establishes the following six elements:

> (1) relief is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages; (2) greater injury will occur from refusing to grant the injunction than from granting it; (3) the injunction will restore the parties to their status quo as it existed before the alleged wrongful conduct; (4) the petitioner is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and (6) the public interest will not be harmed if the injunction is granted.

*Brayman Const. Corp. v. Com., Dept of Transp.*, 608 Pa. 584, 601, 13

A.3d 925, 935 (2011).

"To support a claim for breach of contract, a plaintiff must allege: 1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resultant damage." ***Pittsburgh Const. Co. v. Griffith***, 834 A.2d 572, 580 (Pa.Super. 2003), *appeal denied*, 578 Pa. 701, 852 A.2d 313 (2004).

> In interpreting the terms of a contract, the cardinal rule followed by courts is to ascertain the intent of the contracting parties. If the contractual terms are clear and unambiguous on their face, then such terms are deemed to be the best reflection of the intent of the parties. If, however, the contractual terms are ambiguous, then resort to extrinsic evidence to ascertain their meaning is proper. A contract's terms are considered ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts.

***Commonwealth by Shapiro v. UPMC***, 652 Pa. 322, 341-42, 208 A.3d 898, 909-10 (2019) (internal citations and quotation marks omitted).

Instantly, Chapter 5, Article 12 of the contract stated:

> This contract is effective during the period of the five-year property lease contract (from January 1, 2019 to December 31, 2024) between [Appellants] and [their] landlord. If the five-year property lease contract between [Appellants] and the landlord expires for any reason or because [Appellees are] not willing or not able to continue to operate the business, [Appellants] will transfer the ownership and use rights of all patients and their medical records to [Appellees] free of charge. After that [Appellants] shall have no right to use or transfer any patient data.

(Answer to Complaint and New Matter at Exhibit A1).

At the evidentiary hearing, the parties elaborated on the circumstances

surrounding Appellants' lease with their landlord. Appellant Ding Gu testified that Appellants did not actually have a lease for the property when he signed the contract on April 1, 2019. (*See* N.T. Hearing at 19). Rather, Appellants had been operating under a lease that expired in February 2019, and they were actively negotiating a new lease with their landlord in April 2019. (*Id.* at 31-32). Although Appellants signed a new lease with the landlord on June 12, 2020, Dr. Gu admitted that he received notice from the landlord asking him to vacate the space before Appellants executed the new lease. (*Id.* at 35). Appellee Yanqun Zhong-Ardito also testified and explained that she believed Dr. Gu "was talking to the landlord to renew the lease" for the property. (*Id.* at 60). Nevertheless, Appellees vacated the property on May 1, 2020. (*Id.*) Dr. Zhong-Ardito did not believe that she had any other option but to vacate the property due to Dr. Gu's inability to finalize a new lease. (*Id.*)

The court evaluated this evidence and determined that the parties' contract permitted Appellees to remove the patient files from the property under these circumstances:

> Looking to the plain language of Chapter 5, Article 12 of the [c]ontract, the [c]ourt finds that it is evident the parties agreed that, upon the event that the lease between [Appellants] and landlord expired, all patients, patient files, and medical records would and should be transferred to [Appellees], and in turn, be rightfully in [Appellees'] possession and control. Due to Article 12 of the [c]ontract, upon this event occurring as credibly testified during the July 13, 2021 hearing, [Appellees] then had a possessory right to all patients, patient files and medical records.

(Order and Opinion at 4) (unnumbered) (internal footnote omitted). Here, the court recognized that much of Appellants' underlying civil action hinged on an interpretation of the relevant contract provision. In light of the court's determination that Appellees complied with the relevant contract provision, the court concluded that Appellants were unlikely to prevail on the merits.

On this record, we cannot say that the court abused its discretion. **See Weeks, supra**. At the hearing, Dr. Gu's testimony and the letter from the landlord confirmed that Appellants' lease for the property was expired during the period when Appellees moved the patient files. (**See** N.T. Hearing at 31-35). Although the parties' contract anticipated that Appellants would have a five-year lease for the property running through 2024, the contract unambiguously called for Appellants to "transfer the ownership and use rights of all patients and their medical records" to Appellees if the lease between Appellants and the landlord "expires for any reason[.]" In evaluating this language, the court provided a reasonable interpretation of the parties' intent. **See Commonwealth by Shapiro, supra**. Thus, contrary to Appellants' assertions, their right to relief in the underlying action is anything but clear. **See Porter v. Chevron Appalachia, LLC**, 204 A.3d 411, 419 (Pa.Super. 2019) (stating, "In a preliminary injunction action, the moving party, in order to prove that it is likely to prevail on the merits, must establish a *prima facie* right to relief").

We conclude that the court did not commit reversible error in finding

that Appellants failed to demonstrate that they are likely to prevail on the merits. **_See Weeks, supra_**; **_Brayman Const. Corp., supra_**. Consequently, we affirm the order denying Appellants' petition for injunctive relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2022